UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DERRICK M. KING, ) | CASE NO.  5:11cv179 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| DREW L. ALEXANDER, et al., ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

On January 26, 2011, Plaintiff *pro se* Derrick M. King filed this *in forma pauperis* action under 42 U.S.C. § 1983 against Summit County Sheriff Drew Alexander, Ohio Attorney General Michael DeWine, and Semi Valley Sound, LLC. The Complaint alleges Plaintiff was convicted of gross sexual imposition in 1991. He was required to register as a sexually oriented offender in 1997 for 10 years. Plaintiff's duty to register was extended an additional five years under Ohio SB 10. After the Ohio Supreme Court's decision in *State v. Bodyke*, 126 Ohio St. 3d 266 (2010), his name was removed from the "publicly available website." Semi Valley Sound identified Plaintiff as a sex offender in the June 2010 issue of Bu$ted, a "newspaper tabloid." Plaintiff asserts violation of his right to privacy, as well as conspiracy to violate his civil rights, and seeks declaratory, injunctive and monetary relief.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* Even liberally construed, the Complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim for relief. *See*, *Lillard v. Shelby County*

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). There are no facts set forth indicating Defendants Alexander and DeWine did anything other than perform their duties under then existing Ohio law, or that they conspired in any manner with Semi Valley Sound. Further, Semi Valley Sound, a private entity, did not act "under color of state law," and thus is not subject to liability under 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 4, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**